USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/8/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOUNFUH LAN,

                        Plaintiff,

-against-

1353 KINGSTON WOK LLC d/b/a KINGSTON WOK, and JUNXING PAN

                        Defendants.

23-cv-10005 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

Plaintiff Dounfuh Lan ("Lan" or "Plaintiff") initiated this action November 13, 2023, alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Defendant 1353 Kingston Wok LLC d/b/a Kingston Wok ("Kingston") and Defendant Junxing Pan ("Pan") (together, "Defendants").

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.

## BACKGROUND

The following facts are derived from the Complaint and are taken as true and constructed in the light most favorable to the Plaintiff at this stage.

Plaintiff worked at Defendants' restaurant located at 1353 Ulster Avenue, Kingston, NY 12401, from on or about March 8, 2022 to July 16, 2022. (Compl. ¶ 7.) Kingston is a business engaged in interstate commerce that has gross revenue in excess of $500,000.00 per year. (*Id*. ¶ 9.) Kingston purchased and handled goods moved in interstate commerce. (*Id*. ¶ 10.) Kingston continues to be an enterprise engaged in commerce. (*Id*. ¶ 11.)  Pan, known as "Boss" to Plaintiff,

1

is a managing member of Kingston, (1) with the power to hire and fire employees on behalf of Corporate Defendant, (2) who supervised and controlled employee work schedules or conditions of employment, (3) who determined the rate and method of payment, and (4) who maintained employee records at 1353 Kingston Wok LLC. (*Id.* ¶ 13.) Plaintiff was hired by Pan. (*Id.* ¶ 14.) Pan determined Plaintiff's work schedule, supervised Plaintiff, directed Plaintiff as to how to perform his job, determined Plaintiff's rate of pay and maintained all employee records and business records of Kingston. (*Id.* ¶¶ 15-18.) The Defendants failed to pay the Plaintiff the minimum wage for all hours worked. (*Id.* ¶ 20.) Defendants also failed to pay Plaintiff overtime compensation of one and a half times Plaintiff's regular rate of pay for hours worked over forty hours in a given workweek. (*Id.* ¶ 21.) Defendants failed to keep accurate and comprehensive records of Plaintiff's hours and wages. (*Id.* ¶ 23.) Defendants did not provide Plaintiff with a Time of Hire Notice reflecting true rates of pay and payday, nor did Defendants provide paystubs that correctly listed Plaintiff's actual work hours in a given week. (*Id.* ¶ 24.)

While employed by the Defendants, Plaintiff was paid a fix monthly rate of $300 per month. (*Id.* ¶ 26.) Plaintiff's scheduled hours were from 10:30 am to between 9:15 pm to 9:30 pm, Mondays through Saturdays, at approximately eleven (11) hours per day or sixty-six (66) hours per week. (*Id.* ¶ 27.) Plaintiff's regular hourly rate was $1.05 per hour. (*Id.* ¶ 28.) Plaintiff was not compensated for overtime worked, even though he regularly worked in excess of 40 hours weekly. (*Id.* ¶ 29.) Plaintiff was not given notice regarding Defendants taking tip credit against Plaintiff's wage. (*Id.* ¶ 30.) Plaintiff was not given a fixed break for lunch; Plaintiff was given time to eat but was required to be on standby for when customers would enter the restaurant. (*Id.* ¶ 31.) Defendants did not keep accurate records of Plaintiff's hours and wages. (*Id.* ¶ 35.) Defendants failed to maintain accurate and sufficient time records of employees' hours, failed to provide such

records to employees, and failed to keep a notice visible explaining the minimum wage and overtime pay rights provided by New York Labor Law. (*Id.* ¶ 36.)

Based on the foregoing, Plaintiff brings claims alleging violations of the FLSA, as well as NYLL. (*Id.*)

## PROCEDURAL HISTORY

On November 13, 2023, Plaintiff commenced this action against Defendants in his complaint ("the Complaint") (ECF No. 1). On April 5, 2024 Defendants filed a motion to dismiss and their memorandum of law in support (the "Motion" or "Mot.", ECF No 10). Plaintiff filed an opposition to the Motion (the "Opposition" or "Opp.", ECF No. 12). The Defendants filed a reply in further support of the Motion (the "Reply", ECF No. 11).

## LEGAL STANDARD

### A. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit."

3

*Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Plaintiff brings claims pursuant to the FLSA and NYLL against the Defendants. The Court denies Defendants' motion to dismiss as to Plaintiff's FLSA claims against 1353 Kingston Wok LLC, grants as to Plaintiff's FLSA claims against Junxing Pan, and regarding Plaintiff's NYLL claims, denies as to Counts I, VI, and VII (labeled as Count II in the Complaint), and grants as to Counts IV and V.

### A. Plaintiff's FLSA claims against 1353 Kingston Wok LLC

"The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours[.]" *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 402 (2d Cir. 2019). As such, under the FLSA (and NYLL) covered employees are required to be paid certain minimum wage rates and to be compensated at an overtime rate of one-and-one-half times their regular hourly pay for time worked in excess of 40 hours in a week. *See*, 29 U.S.C. § 207(a)(1); NYLL § 663(3); 12 NYCRR § 146-1.4.

To qualify for coverage and establish a claim under the FLSA, a plaintiff must prove that (1) the defendant is an employer subject to the FLSA; (2) the plaintiff is a covered employee within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA. *Tony & Susan Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 295, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985).

4

An employer is subject to both the minimum wage and overtime provisions of the FLSA if either (1) its employees are "engaged in commerce" or (2) the employer is an "enterprise engaged in commerce." 29 U.S.C. §§ 206, 207; *see also Padilla v. Manlapaz*, 643 F. Supp. 2d 298, 299 (E.D.N.Y. 2009). The statute defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

The two methods of establishing FLSA coverage are "individual coverage" and "enterprise coverage." *Gordon v. Gen. Prop. Mgmt. Assocs., Inc.*, 496 F. Supp. 3d 830, 837 (S.D.N.Y. 2020). Individual coverage is established where the employees themselves are "engaged in commerce." In determining whether this is the case, courts examine the employment actions of each employee asserting a claim. *Padilla v. Manlapaz*, 643 F. Supp. 2d at 300. Enterprise coverage, on the other hand, exists where an employer: (1) has employees engaged in commerce or in the production of goods for commerce; and (2) has an annual gross volume of sales greater than $500,000.00. 29 U.S.C. § 203(s)(1)(A). What constitutes enterprise coverage has been "interpreted broadly" by Courts. *Boekemeier v. Fourth Universalist Soc'y in City of New York*, 86 F. Supp. 2d 280, 286 (S.D.N.Y. 2000).

Defendants argue for dismissal of the FLSA claims on the grounds that Defendants are not engaged in interstate commerce. (Mot., p. 4-5.) As this forms the basis of the arguments for dismissal, the Court will only address the FLSA's commerce requirement. While the Complaint does include conclusory language not entitled to deference, Plaintiff does factually allege that Kingston has a gross revenue in excess of five hundred thousand dollars per year and that Kingston purchases and handles goods moved in interstate commerce. (Compl. ¶¶ 9-11.) These are sufficient allegations to satisfy the FLSA's commerce requirement.

5

Firstly, courts in this Circuit have previously held that it "is inconceivable that a restaurant with over $500,000 in annual sales did not use materials originating from out of state." *Lopez v. MNAF Pizzeria, Inc.*, No. 18-CV-06033 (ALC), 2021 WL 1164336, *6 (S.D.N.Y. Mar. 25, 2021). Secondly, the Court is permitted to make reasonable inferences from the nature of Kingston's business model that it engages interstate commerce. In *Feng v. Kelai Corp.*, No. 18-CV-12329 (RWL), 2024 WL 1348654 (S.D.N.Y. Mar. 29, 2024), the court concluded that the FLSA's commerce requirement was met for a claim raised against a restaurant, noting that it could "reasonably infer[] from the nature of its business as a restaurant located in New York City that Kelai handled goods, such as food and other supplies, that originated outside of New York and regularly traveled through interstate commerce." *Id*. at *10.

Similarly, in *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19 (E.D.N.Y. 2015), the court concluded that "it is reasonable to infer that the myriad goods necessary to operate a Peruvian restaurant with an eat-in dining area and over $500,000.00 in annual sales do not exclusively come from New York State . . . As a restaurant, it is reasonable to infer that Las Delicias requires a wide variety of materials to operate, for example, foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more. It is also reasonable to infer that some of these materials moved or were produced in interstate commerce." *Id*. at *34. *See also Guardado v. 13 Wall St., Inc.*, No. 15CV02482DRHSIL, 2016 WL 7480358 (E.D.N.Y. Dec. 2, 2016) (holding that although the employee "does not provide specific instances of interstate commerce, the Court can infer an interstate nexus based upon the factual allegations that Defendant operated a restaurant and that Plaintiff handled food presumably prepared at that restaurant, the ingredients of which logically originated, at least in part, outside of New York state").

Therefore, considering *Lopez*, *Feng*, *Fermin* and *Guardado*, the Court finds that it is reasonable to infer that Kingston engages in interstate commerce. Thus, contrary to Defendant's argument, the FLSA does apply to Kingston by way of enterprise coverage. Accordingly, Plaintiff's FLSA claim against Kingston survive dismissal.

### B. Plaintiff's FLSA claims against Junxing Pan

As pled, Defendant Pan is not an employer for the purposes of the FLSA. Plaintiff alleges that Pan "had the power to hire and fire employees on behalf of Corporate Defendant, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintain employee records at 1353 Kingston Wok LLC." (Compl. ¶ 13.) Plaintiff goes on to allege that Pan hired him, determined his work schedule, supervised and directed Plaintiff as to how to perform his job, determined rates of pay, and maintained all employee records. (*Id.* ¶¶ 14-18.)

These allegations are insufficient to render Pan an employer under the FLSA. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. Here, Plaintiff is merely restating the definition of employer under the FLSA and offers no factual allegations to be owed the assumption of truth. (Compl. ¶¶ 13-18.) Accordingly, Plaintiff's FLSA claim against Pan is dismissed without prejudice.

### C. NYLL Claims Counts IV and V

Plaintiff lacks standing to prosecute Counts IV and V under the NYLL. Counts IV and V allege violations of NYLL under NYLL § 195-1(a) and NYLL § 195-1(d), respectively. Specifically, Count IV alleges Defendants failed to provide a time of hire notice and Count V alleges that Defendants failed to provide pay statements. Such allegations are necessary but not

7

sufficient to state a claim under the NYLL. Plaintiff must allege harm resulting from the failure to provide required notices and statements. *See Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300 (2d Cir. 2024) (affirming finding that Plaintiff lacked standing to sue for statutory violations arising from failure to provide required notices and statements because Plaintiff did not offer allegations that he suffered a concrete injury as a result). Plaintiff makes no such allegations of downstream harm resulting from the failure to provide pay statements and time of hire notice. *See Quieju v. La Jugueria Inc.*, No. 23-CV-264 (BMC), 2023 WL 3073518, *2 (E.D.N.Y. Apr. 25, 2023) (finding that Plaintiff lacked standing to bring NYLL § 195-1 claim where Plaintiff did not show an actual and concrete injury, noting that standing requirement could not be circumvented by mere conclusory allegations). Accordingly, Plaintiff lacks standing to bring Counts IV and V. Thus, Plaintiff's NYLL claims under Count IV and Count V are dismissed without prejudice.

### D. NYLL Claims Counts I, VI, and VII

Defendants' only argument as to Counts I, VI, and VII (labeled as Count II in the Complaint) was the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims due to the "inevitable dismissal" of Plaintiff's FLSA claims. (Mot, p. 7-8.) Because the Court is not dismissing Plaintiff's FLSA claims against Kingston, the Court, at this time, will exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Defendants. Accordingly, the motion to dismiss is denied as to Counts I, VI and VII.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' motion to dismiss Plaintiff's Fourth and Fifth Causes of Action, without prejudice. Additionally, Defendants' motion to dismiss is GRANTED as to Plaintiff's FLSA claims against Defendant Pan, also without prejudice. Defendants' motion to dismiss is DENIED as to Plaintiff's FLSA claims against

Defendant 1353 Kingston Wok LLC d/b/a Kingston Wok, and is DENIED as to Counts I, VI and VII. Plaintiff is granted leave to file an Amended Complaint by November 8, 2024. Plaintiff is advised that the Amended Complaint will replace, not supplement, the Complaint, and so any claims that he wishes to pursue must be included in, or attached to, the Amended Complaint. Should Plaintiff file an Amended Complaint, the Defendants are directed to answer or otherwise respond by November 29, 2024. If Plaintiff fails to file an Amended Complaint within the time allowed, those claims that were dismissed without prejudice shall be deemed dismissed with prejudice. If no Amended Complaint is timely filed, Defendant 1353 Kingston Wok LLC d/b/a Kingston Wok is directed to file its Answer by November 29, 2024 and the parties are directed to complete and file a Case Management Plan and Scheduling Order (blank form attached) by December 23, 2024.

      The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 10 and 11.

Dated:   October 8, 2024                                  SO ORDERED:
          White Plains, New York

                                                             NELSON S. ROMÁN
                                                             United States District Judge

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  

Rev. Jan. 2012

------------------------------------------------------------x

                     Plaintiff(s),      **CIVIL CASE DISCOVERY PLAN**  
                                         **AND SCHEDULING ORDER**

- against -

                     Defendant(s).     _____ CV _____ (NSR)

------------------------------------------------------------x

This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case [is] [is not] to be tried to a jury.

3. Joinder of additional parties must be accomplished by _____.

4. Amended pleadings may be filed until _____.

5.  Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6.  First request for production of documents, if any, shall be served no later than _____.

7.  Non-expert depositions shall be completed by _____.

    a.  Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

    b.  Depositions shall proceed concurrently.

    c.  Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8.  Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.  Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15.     Any motions shall be filed in accordance with the Court's Individual Practices.

16.     This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17.     The Magistrate Judge assigned to this case is the Hon. _____.

18.     If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19.     The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated:  White Plains, New York

        _____

 

        _____

        Nelson S. Román, U.S. District Judge